## TUTTLE v. HAYES et al.

### (Supreme Court, Appellate Term.   November 29, 1907.)

1. FRAUDULENT CONVEYANCES—RETENTION OF POSSESSION—PRESUMPTION.

Where a picture is not delivered under an alleged sale, and no written evidence of the transfer of title exists, the sale will be presumed fraudulent and void as to creditors; and, under the express provisions of Personal Property Law, Laws 1897, p. 511, c. 417, § 25, this presumption will become conclusive, unless the person claiming the property affirmatively shows that the sale was made in good faith, and not to defraud creditors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 800, 816.]

2. SAME—ACTIONS—QUESTION FOR JURY—GOOD FAITH OF PARTIES.

In an action against a sheriff for levying upon a picture, claimed by plaintiff, which was in possession of the execution debtor, the question whether the picture had been sold by the debtor to plaintiff in good faith, and not to defraud creditors, held, under the evidence, a question for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 923–932.]

Appeal from City Court of New York, Trial Term.

Action by Silas Tuttle against Nicholas Hayes, as sheriff, and others. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Joseph M. Williams, for appellant.
Thompson & Warren, for respondents.

PER CURIAM. The defendant Hayes, as sheriff, levied upon a certain picture under an execution upon a judgment against one Mrs. Dunne, in whose possession the picture was. Plaintiff claims to have bought the picture from Mrs. Dunne prior to the levy. No bill of sale or other written evidence of the transfer of title from Mrs. Dunne to plaintiff existed, and the picture was never delivered to plaintiff, but remained in the possession of Mrs. Dunne. Under these circumstances the presumption arises that the transfer was, fraudulent and void as against the creditors of Mrs. Dunne, which presumption became conclusive of such fraud, unless plaintiff affirmatively showed that it was a bona fide sale, made in good faith, and not to defraud creditors. Personal Property Law, 1897, p. 511, c. 417, § 25. The court dismissed the complaint. Plaintiff appeals.

So far as the facts relating to the sale are concerned, plaintiff's testimony is undisputed. The only evidence of defendant is as to the value of the picture, and the claim that it was left by Mrs. Dunne in her apartment when she moved, and that plaintiff did not call to claim it. The evidence of plaintiff is that Mrs. Dunne asked for a loan of $100, that he refused to give it, and that she then offered him the picture, which she stated was worth $500; that inquiry led him to doubt that it was worth so much, and finally he agreed to pay her $100 for the picture; that he gave her this sum and said he would call

the next day for the picture; that he sent an expressman for it within a day or two; that the expressman did not get it; and that he did not send again. A check for the $100 so paid to Mrs. Dunne was introduced in evidence. Mrs. Dunne herself testified that she sold the picture to plaintiff, through her daughter, to whom she gave directions for the sale, and who corroborates her statement, and admits receiving the $100 from the plaintiff. Even assuming that it was the intent of Mrs. Dunne to defraud her judgment creditors by selling the picture to plaintiff before it could be seized by the sheriff, still there is nothing to indicate knowledge of such intent on the part of plaintiff, who paid a valuable consideration for the picture. Upon the one side there is the statutory presumption of fraud, and on the other the testimony of the vendee and vendor tending to repel such presumption. A question of fact was therefore presented, which should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.